Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Tania M. Ortiz Menéndez; Christopher R. Vinson García y la Sociedad Legal de Gananciales que constituyen<br><br>Apelante<br><br>vs.<br><br>Sucn. de Victoria Valentín De Jesús, constituída por John Doe y Jane Doe<br><br>Apelados | KLAN202500305 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Civil Núm.: SA2024CV00311<br><br>Sobre:<br><br>Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece ante nos la señora Tania M. Ortiz Menéndez (en adelante, Sra. Ortiz Menéndez) y nos solicita la revocación de la "Sentencia" emitida y notificada el 11 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Salinas (en lo sucesivo, foro primario o TPI). Mediante el referido dictamen el TPI declaró No Ha Lugar la "Demanda" de cobro de dinero presentada por la apelante.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

**I.**

El 25 de septiembre de 2024, la Sra. Ortiz Menéndez presentó una "Demanda" de cobro de dinero contra la Sucesión de

Victoria Valentín de Jesús (en adelante, la Sucesión). Adujo que, la señora Victoria Valentín de Jesús (en lo sucesivo, Sra. Valentín de Jesús) falleció el 5 de noviembre de 2011, siendo propietaria de un inmueble sito en la Urb. Las Mercedes en Salinas, Puerto Rico.

Alegó, además, que la sucesión adeuda a la parte apelante la cantidad de $6,751.18 por concepto del pago realizado por la Sra. Ortiz Menéndez al Centro de Recaudación de Ingresos Municipales (en adelante, CRIM), por las contribuciones impuestas al inmueble propiedad de quien fue la Sra. Valentín de Jesús. Añadió que, por información y creencia, entendía que la Sra. Valentín de Jesús falleció sin persona que la sucediera, empero, advino en conocimiento de ello luego de realizar el pago. Finalmente, solicitó la cuantía de $1,290.00 correspondiente a las gestiones necesarias para obtener el cobro de su acreencia.

El 21 de noviembre de 2024, la apelante presentó una "Moción Sobre Anotación de Rebeldía y Señalamiento" —luego de que la Sucesión fuese emplazada mediante edicto y no compareciera— la cual fue declarada con lugar mediante "Orden" emitida el 9 de diciembre de 2024.

El 15 de enero de 2025, se celebró una vista en rebeldía, a la cual únicamente compareció la apelante acompañada por su representación legal. En dicha ocasión, la apelante solicitó, y el foro primario aprobó, el desistimiento de la cuantía de $1,290.00 solicitada en la "Demanda". Atendido el desistimiento, el TPI dio paso a la celebración de una vista en los méritos, en la cual examinó la prueba testifical, entiéndase el interrogatorio de la Sra. Ortiz Menéndez, y la prueba documental. Acto seguido, el TPI declaró con lugar la "Demanda", y solicitó a la representación legal de la apelante que presentará un proyecto de sentencia dentro de 15 días.

Una vez culminada la vista, el foro primario llamó el caso nuevamente con el propósito de interrogar a la Sra. Ortiz Menéndez sobre el año de fallecimiento de la Sra. Valentín de Jesús, así como los pagos realizados al CRIM, aunque dejó inalterado el término de 15 días para la presentación del proyecto de sentencia.

El 11 de febrero de 2025, el TPI emitió la "Sentencia" apelada, reconsiderando su anterior dictamen, y, en esa ocasión, declaró No Ha Lugar la "Demanda" de cobro de dinero. Expuso el foro primario que el Art. 1120 del Código Civil, *infra,* exige que, si el pago hecho por tercero se hace sin el consentimiento del deudor original, la persona que reclama lo pagado tiene que evidenciar que el pago fue hecho de buena fe y que le fue útil al deudor. En vista de que la Sra. Valentín de Jesús falleció en el 2011 y que el pago fue hecho en el 2024, el TPI razonó que el pago fue hecho sin su consentimiento, por lo que la Sra. Ortiz Menéndez venía obligada a probar la utilidad y buena fe de su pago. No obstante, el foro primario concluyó que, la apelante no satisfizo el *quantum* de prueba requerido dado que no logró evidenciar el requisito de utilidad.

Insatisfecha con la determinación del foro primario, la Sra. Ortiz Menéndez presentó una moción de reconsideración el 26 de febrero de 2025, la cual fue declarada sin lugar mediante "Resolución Interlocutoria" emitida el 11 de marzo de 2025. Inconforme aun, la apelante recurre ante este foro apelativo intermedio y levanta los siguientes señalamientos de error:

> *Primer Error: Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la demanda por concluir que el* [sic] *prueba presentada no satisfizo el quantum de evidencia necesario para establecer, que el pago realizado por la parte demandante hubiera sido útil a la parte demandada.*
>
> *Segundo Error: Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la demanda por concluir que el*

[sic] *presentada no satisfizo el quantum de evidencia necesario para establecer, que el pago realizado por la demandante hubiera sido hecho de buena fe.*

## II.

### A.

En nuestro ordenamiento jurídico existen varias maneras de extinguir una obligación, entre éstas, el pago por tercero. Sobre ello, abunda la exposición de motivos del Código Civil de 2020, 31 LPRA sec. 5311, *et seq,* que:

> *En torno a los efectos de las obligaciones en el cumplimiento y, particularmente, la figura del pago por tercero, se matizan los derechos del tercero que paga sin consentimiento del deudor. Hasta ahora, el tercero pagador tenía derecho de reembolso en la medida en que el pago hubiera sido útil al deudor. El nuevo Código condiciona el derecho de reembolso, además de la utilidad para el deudor, a que el tercero haya realizado el pago de buena fe.*

Dicha expresión adelanta lo codificado en el Art. 1120, titulado "Legitimación para realizar el pago", el cual indica que "[c]ualquier persona puede hacer el pago, tenga interés en el cumplimiento de la obligación o no, ya sea que lo conozca y lo apruebe el deudor, o ya que lo ignore". 31 LPRA sec. 9151. Sin embargo, el articulado aclara que:

> *La persona que paga por cuenta de otra puede reclamar del deudor lo que ha pagado, excepto cuando lo ha hecho sin su consentimiento. En este último caso, si el tercero hace el pago de buena fe puede exigir al deudor que le restituya aquello en lo que le ha sido útil el pago.*

Es decir, si un tercero que realiza un pago a favor de un deudor sin su consentimiento interesa ser resarcido por dicho pago, este debe evidenciar que: 1) obró de buena fe, y 2) que el pago le fue útil al deudor.

### B.

Como regla general, un foro apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos. *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007). Es decir, los

tribunales apelativos deben mantener la deferencia para con la apreciación de la prueba que realiza el Tribunal de Primera Instancia. *McConnell v. Palau*, 161 DPR 734, 750 (2004).

El fundamento de esta deferencia hacia el Tribunal de Primera Instancia, consiste en que el juez del foro primario tuvo la oportunidad de observar toda la prueba presentada y, por lo tanto, se encuentra en mejor posición que el tribunal apelativo para considerarla. *Sepúlveda v. Depto. de Salud*, 145 DPR 560, 573 (1998).

El Tribunal Supremo de Puerto Rico ha resuelto que, es el juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que fue quien observó y escuchó a los testigos. *Argüello v. Argüello*, 155 DPR 62, 79 (2001). Esto es así, pues, como nos afirma el tratadista Cuevas Segarra, el juez sentenciador ante quien deponen los testigos es quien tiene la oportunidad de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones y, por consiguiente, de ir formando gradualmente en su consciencia la convicción en cuanto a si dicen la verdad. J.A. Cuevas Segarra, <u>Tratado de Derecho Civil</u>. San Juan, Pubs. JTS, T. II, pág. 685 (2000). Lo anterior se fundamenta en que, de ordinario, "solo tenemos récords mudos e inexpresivos". *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 987 (2010).

Sin embargo, nuestro Tribunal Supremo ha expresado que esta norma no es absoluta. *Méndez v. Morales*, 142 DPR 26, 36 (1996). Por ende, el tribunal revisor solo intervendrá con la apreciación de la prueba hecha por el juzgador de los hechos, cuando exista error manifiesto, pasión, prejuicio o parcialidad. *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011). Así, cuando el foro primario realice una apreciación errónea de la prueba, su determinación estará sujeta a la facultad

revisora de los foros apelativos. *Cárdenas Maxán v. Rodríguez Rodríguez,* 125 DPR 702, 712 (1990).

**III.**

Según expusimos en el tracto procesal reseñado, la apelante acude ante esta Curia a los fines de que revoquemos la "Sentencia" emitida el 10 de febrero de 2025, mediante la cual el foro primario declaró sin lugar la "Demanda" de cobro de dinero presentada por la apelada por entender que no se cumplían los requisitos de pago por tercero. En esencia, el TPI concluyó que la Sra. Ortiz Menéndez no cumplió con el *quantum* de prueba, pues no logró probar como el pagó benefició, o le fue útil, a la Sucesión.

Por su parte, la Sra. Ortiz Menéndez arguye que, el TPI erró al concluir que no se probó el requisito de utilidad, pues se desprende de la prueba desfilada que al haber satisfecho la deuda del CRIM, la apelante evitó la ejecución y perdida de la propiedad, y dicha acción fue, sin lugar a duda, útil a los fines de proteger y salvaguardar el patrimonio de la Sucesión. Aduce, además, que el TPI puso en duda la buena fe de la apelante dado que vio con recelo que el pago fue hecho más de una década posterior a la muerte de la propietaria, no obstante, la Sra. Ortiz Menéndez argumenta que resulta lógico que fue la acumulación de las contribuciones lo que motivó el pago de la deuda, acto que ejerció como buena vecina, en protección del patrimonio de alguien que conoció y con quien compartió por años.

Para llegar a su determinación, el TPI tuvo ante su consideración la siguiente prueba documental: 1) el certificado de defunción de la Sra. Valentín de Jesús, 2) certificación de pago del CRIM, y 3) copia del asiento del inmueble del Registro de la Propiedad. No obstante, la referida prueba no iba dirigida a los requisitos de pago por tercero. Por tal razón, el foro primario se vio obligado a depender del testimonio de la Sra. Ortiz Menéndez para

aquilatar la existencia o ausencia de los requisitos de utilidad y buena fe. Siendo ello así, este Tribunal se dio la tarea de examinar con cautela la transcripción de la vista en los méritos.

Revisado el testimonio de la Sra. Ortiz Menéndez, nos corresponde hacerle eco a la determinación del TPI y concluir que esta no logró satisfacer el requisito de utilidad que exige el Art. 1120 del Código Civil, *supra*.

La apelante esgrime que el pago de la deuda protegió el patrimonio de la Sucesión dado que evitó la ejecución del inmueble, sin embargo, dicha postura no estuvo fundamentada. Notamos que la apelante se limitó a meras inferencias, sin prueba que sustentara su alegacion.

Por ser el testimonio de la Sra. Ortiz Menéndez la única pieza de evidencia dirigida a la utilidad del pago, debemos otorgarle deferencia al foro primario en su apreciación de la prueba. Recordemos que, estando ante récords mudos e inexpresivos, nuestra intrusión se limita a instancias donde exista error manifiesto, prejuicio, parcialidad o pasión; ninguno de los cuales fueron identificados en el dictamen apelado.

En su segundo señalamiento de error, la apelante asevera que el foro primario puso en duda su buena fe, pero lo cierto es que el TPI no hizo señalamiento alguno sobre falta del requisito de buena fe en su "Sentencia". La única ocasión donde el TPI aludió a la buena fe fue durante su interrogatorio de la Sra. Ortiz Menéndez,[1] y a pesar de ello, no hizo determinación alguna sobre la existencia o ausencia del requisito.

Ahora bien, tratándose de dos requisitos codificados para que proceda el resarcimiento de un pago por tercero, bastaba con determinar el incumplimiento con uno de éstos para concluir que no procede la compensación por el pago realizado.

---

[1] Recurso de apelación, pág. 62 del apéndice.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, confirmamos la "Sentencia" apelada, emitida el 10 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Salinas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones